UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MBE CAPITAL PARTNERS, LLC,

                Plaintiff,

- against -

AVPOL INTERNATIONAL, LLC, d/b/a
AIL LOGISTICS SOLUTIONS,
SANDRA K. WALLS, EMERALD
TRANSFORMER CORPORATION,
KIEWIT CORPORATION, BODINE
ALUMINUM, INC., UNITED STATES OF
AMERICA, GENERAL SERVICES
ADMINISTRATION and UNITED STATES
ARMY CORP OF ENGINEERS,
NASHVILLE and MEMPHIS DISTRICTS

                Defendants.

**ORDER**

17 Civ. 5992 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       On August 9, 2017, Plaintiff MBE Capital Partners, LLC brought this action against Defendants AVPOL International LLC, d/b/a AIL Logistics Solutions ("AVPOL"), AVPOL's managing member, Sandra K. Walls, and several of AVPOL's customers asserting breach of contract, fraud, negligence, conversion, and interference with contractual relations in connection with a contract Plaintiff entered into with AVPOL. (Cmplt. (Dkt. No. 1))

       On February 11, 2019, this Court dismissed Plaintiff's claims against the General Services Administration and the United States Army Corps of Engineers. (Feb. 11, 2019 Order (Dkt. No. 61))

       On October 19, 2020, Plaintiff settled its claims against Bodine Aluminum Inc. (Endorsed Stipulation and Order (Dkt. No. 65))

There has been no activity on the docket since the settlement with Bodine Aluminum.

At a December 3, 2020 conference, Plaintiff stated that it consented to the dismissal of its claims against AVPOL and Walls.  (See also Jt. Ltr. (Dkt. No. 66))  AVPOL and Walls have both filed bankruptcy petitions (Suggestion of Bankruptcy (Dkt. No. 32); Suggestion of Bankruptcy (Dkt. No. 50)), and the bankruptcy proceedings as to each defendant have been concluded.  (Jt. Ltr. (Dkt. No. 66))  Accordingly, Plaintiff's claims against AVPOL and Walls are dismissed.

AVPOL and Walls brought a counterclaim seeking an accounting (Answer (Dkt. No. 17)), but they have not pursued their counterclaim since seeking bankruptcy protection.  Moreover, AVPOL and Walls did not comply with this Court's October 20, 2020 Order (Dkt. No. 64) directing them to submit a status letter and to appear at today's conference.

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules] or a court order . . . ."  Fed. R. Civ. P. 41(b).  "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte."  Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))).  "While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal."  Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL

2555854, at *2 (S.D.N.Y. June 28, 2011) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996)).

   Here, Defendants AVPOL and Walls have not taken any steps to prosecute their counterclaim, and they did not comply with this Court's October 20, 2020 Order directing them to submit a status letter and to appear at today's conference. Accordingly, their counterclaim will be dismissed for failure to prosecute.

   Defendant Emerald Transformer Corporation has not responded to the Complaint or otherwise appeared in this action. Plaintiff will file any application for a default judgment against Emerald Transformer Corporation by **December 10, 2020**. Absent an application for a default judgment, Plaintiff's claim against Emerald Transformer will be dismissed for failure to prosecute.

   As to Defendant Kiewit Power Constructors Co. ("Kiewit"), Plaintiff and Kiewit will pursue settlement over the next thirty days. Plaintiff and Kiewit will submit a joint letter by **January 7, 2021**, advising the Court as to whether they have reached a settlement. If not, Plaintiff and Kiewit will submit a proposed Case Management Plan in accordance with this Court's Individual Rules.

Dated: New York, New York
    December 4, 2020

                SO ORDERED.

                _____
                Paul G. Gardephe
                United States District Judge