UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MBE CAPITAL PARTNERS, LLC,

                Plaintiff,

        - against -

AVPOL INTERNATIONAL, LLC, d/b/a
AIL LOGISTICS SOLUTIONS,
SANDRA K. WALLS, EMERALD
TRANSFORMER CORPORATION,
KIEWIT CORPORATION, BODINE
ALUMINUM, INC., UNITED STATES OF
AMERICA, GENERAL SERVICES
ADMINISTRATION and UNITED STATES
ARMY CORP OF ENGINEERS,
NASHVILLE and MEMPHIS DISTRICTS

                Defendants.

**ORDER**

17 Civ. 5992 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

       On August 9, 2017, Plaintiff MBE Capital Partners, LLC brought this action against Defendants AVPOL International LLC, d/b/a AIL Logistics Solutions ("AVPOL"), AVPOL's managing member, Sandra K. Walls, and several of AVPOL's customers asserting breach of contract, fraud, negligence, conversion, and interference with contractual relations in connection with a contract Plaintiff entered into with AVPOL.  (Cmplt. (Dkt. No. 1))

       On February 11, 2019, this Court dismissed Plaintiff's claims against the General Services Administration and the United States Army Corps of Engineers.  (Feb. 11, 2019 Order (Dkt. No. 61))

       On October 19, 2020, Plaintiff settled its claims against Bodine Aluminum Inc. (Endorsed Stipulation and Order (Dkt. No. 65))

There has been no activity on the docket since the settlement with Bodine Aluminum.

On December 3, 2020, the Court conducted a status conference. At the conference, Plaintiff consented to the dismissal of its claims against Defendants AVPOL and Walls. (See also Jt. Ltr. (Dkt. No. 66)) AVPOL and Walls brought a counterclaim seeking an accounting (Answer (Dkt. No. 17)), but they did not pursue their counterclaim since seeking bankruptcy protection, nor did they comply with the Court's October 20, 2020 Order to submit a status letter and appear at the December 3, 2021 conference. (See Dkt. No. 64) Accordingly, the Court dismissed the claims against AVPOL and Walls, as well as their counterclaim. (Dec. 4, 2020 Order (Dkt. No. 70) at 2-3)

Defendant Emerald Transformer Corporation has not responded to the Complaint or otherwise appeared in this action. On December 4, 2020, the Court ordered Plaintiff to "file any application for a default judgment against Emerald Transformer Corporation by December 10, 2020," and warned that "[a]bsent an application for a default judgment, Plaintiff's claim against Emerald Transformer will be dismissed for failure to prosecute." (Id. at 3) Plaintiff has not applied for default judgment against Emerald Transformer Corporation.

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing

Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))). "While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal." Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996)).

Here, Plaintiff has not taken any steps to prosecute its claim against Emerald Transformer Corporation, and it has not complied with this Court's December 4, 2020 Order directing that it move for a default judgment. Accordingly, Plaintiff's claim against Emerald Transformer Corporation will be dismissed for failure to prosecute.

As to Defendant Kiewit Power Constructors Co. ("Kiewit"), Plaintiff and Kiewit informed the Court at the December 3, 2020 conference that they would pursue settlement over the next thirty days. The Court ordered Plaintiff and Kiewit to submit a joint letter by January 7, 2021, advising the Court as to whether they have reached a settlement, or if they had not reached a settlement, to submit a proposed Case Management Plan in accordance with this Court's Individual Rules. (Dec. 4, 2020 Order (Dkt. No. 70) at 3)  There has been no activity on the docket since the Court's December 4, 2020 order. Plaintiff and Kiewet will submit a status letter to the Court by **September 1, 2021** regarding their progress towards settlement, and whether it is necessary to enter a case management plan. If no letter is submitted by **September 1, 2021**,

Plaintiff's claims against Kiewit will be dismissed for failure to prosecute.

Dated: New York, New York
August 25, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge