UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MBE CAPITAL PARTNERS, LLC,

                Plaintiff,

             - against -

AVPOL INTERNATIONAL, LLC, d/b/a
AIL LOGISTICS SOLUTIONS,
SANDRA K. WALLS, EMERALD
TRANSFORMER CORPORATION,
KIEWIT CORPORATION, BODINE
ALUMINUM, INC., UNITED STATES OF
AMERICA, GENERAL SERVICES
ADMINISTRATION and UNITED STATES
ARMY CORP OF ENGINEERS,
NASHVILLE and MEMPHIS DISTRICTS

                Defendants.

**ORDER**

17 Civ. 5992 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       On August 9, 2017, Plaintiff MBE Capital Partners, LLC brought this action against Defendants AVPOL International LLC, d/b/a AIL Logistics Solutions ("AVPOL"), AVPOL's managing member, Sandra K. Walls, and several of AVPOL's customers asserting breach of contract, fraud, negligence, conversion, and interference with contractual relations in connection with a contract Plaintiff entered into with AVPOL. (Cmplt. (Dkt. No. 1))  Defendant Kiewit Power Constructors Co. ("Kiewit") is the only remaining defendant.[1]

---

[1] On February 11, 2019, this Court dismissed Plaintiff's claims against the General Services Administration and the United States Army Corps of Engineers. (Feb. 11, 2019 Order (Dkt. No. 61))  On October 19, 2020, Plaintiff settled its claims against Bodine Aluminum Inc. (Endorsed Stipulation and Order (Dkt. No. 65))  On December 4, 2020, the Court dismissed Plaintiff's claims against AVPOL and Walls, as well as the counterclaim filed by these Defendants. (Dec. 4, 2020 Order (Dkt. No. 70) at 2-3)  The Court dismissed the claims against Defendant Emerald Transformer Corporation on August 25, 2021, after Plaintiff failed to take any steps to prosecute. (Aug. 25, 2021 Order (Dkt. No. 71) at 3)

At a December 3, 2020 conference, Plaintiff and Kiewit asked permission to pursue settlement over the next thirty days. In a December 4, 2020 order, this Court directed Plaintiff and Kiewit to submit a joint letter by January 7, 2021, advising the Court as to whether they had reached a settlement and, if not, to submit a proposed Case Management Plan in accordance with this Court's Individual Rules. (Dec. 4, 2020 Order (Dkt. No. 70) at 3) Neither Plaintiff nor Kiewit has filed anything in response to the Court's December 4, 2020 order.

On August 25, 2021, the Court directed Plaintiff and Kiewit to submit a status letter to the Court by September 1, 2021 regarding their progress towards settlement, and whether it is necessary to enter a case management plan. (Aug. 25, 2021 Order (Dkt. No. 71) at 3) The Court also warned that if no letter was submitted by September 1, 2021, Plaintiff's claims against Kiewit will be dismissed for failure to prosecute. (Id. at 3-4)

Plaintiff has not responded to the Court's order. Kiewit filed a letter on September 1, 2021, stating that Plaintiff did not respond to a February 16, 2021 email requesting a status update, and that Plaintiff has not communicated with Kiewit since then. (Dkt. No. 72)

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))). "While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not

required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal." Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996)).

        Here, Plaintiff has not taken steps to prosecute its claim against Kiewit in more than six months, and it has not complied with this Court's December 4, 2020 and August 25, 2021 Orders directing Plaintiff to submit status updates. Accordingly, Plaintiff's claim against Kiewit will be dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

Dated: New York, New York
       September 4, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge